Dear Mr. Fussell:
Your request for an Attorney General's Opinion has been referred to me for research and reply. You indicate that Executive Orders KBB 2005-32 and KBB 2005-48 issued in the aftermath of Hurricanes Katrina and Rita purport to suspend all deadlines in legal proceedings in all courts throughout the state. These orders have created uncertainty especially in connection with sheriff sales. The issue is whether Louisiana law provides a reliable procedure for shortening or lifting the suspension of a deadline for a sheriff's sale.
In addition to extending the suspension of deadlines in legal proceedings, Executive Order KBB 2005-48 acknowledged the Supreme Court's constitutional authority to shorten or lift the suspension of such deadlines through Supreme Court order. Pursuant to its "express and inherent constitutional authority," the Louisiana Supreme Court issued an order on October 3, 2005, allowing judges in Louisiana trial and appellate courts to lift or shorten the suspension of legal deadlines outlined in Executive Orders KBB 2005-32 and KBB 2005-48.
The Supreme Court's order outlines specific procedures for judges, and it sets forth the means by which private parties can request the shortening or lifting of the suspension of legal deadlines. Basically, the suspension of deadlines in legal proceedings may be shortened or lifted in three different factual scenarios: (1) where the Hurricanes did not adversely affect an attorney or party to the litigation; (2) where, although the Hurricanes did adversely affect an attorney or party to the litigation, the impacted party or parties agree that the suspension should be lifted; or (3) where, regardless of whether the Hurricanes affected a party, a party still desires to lift or shorten the suspension of legal deadlines.
A deadline may be shortened or lifted only if it is connection withlegal proceedings. [Emphasis added.] Thus, a preliminary inquiry involves an analysis of whether a sheriff's sale constitutes a legal proceeding. Black's Law Dictionary (6th Ed.) defines the term "legal proceedings" as "all proceedings authorized or sanctioned by law, and brought or instituted in a court or legal tribunal, for the acquiring of a right or the enforcement of a remedy." One could make the argument that a sheriff's sale is not a legal proceeding. No one brings or institutes such a proceeding in a court of law. The sale, commonly by auction, is usually conducted by a court officer, after the court has already heard the matter and issued a decree of execution or foreclosure. In that sense, a sheriff's sale is a by-product of a court proceeding — not a legal proceeding itself. Excluding a sheriff's sale from the meaning of legal proceedings has significance: If a sheriff's sale is not a legal proceeding, then sheriff's sales could continue without interruption in spite of the Governor's emergency orders.
Notwithstanding this argument, it is the opinion of this office that a sheriff sale does fall within the meaning of legal proceedings. Legal proceedings are a necessary predicate to a sheriff's sale. In other words, a sale cannot occur unless one first institutes a proceeding in court to enforce a right to sell property and obtains a decree of execution or foreclosure. If a sheriff's sale is a legal proceeding, the Governor's emergency orders do apply and can suspend the sale.
The Supreme Court's order provides a mechanism for shortening or lifting the suspension of sheriff's sales regardless of whether the Hurricanes affected any party or lawyer involved in the litigation. In that case, an attorney must file a Rule to Show Cause, asking the Court to lift the suspension. The Supreme Court's order gives details and instructions about bringing such a Rule. For instance, the order requires that all parties to the proceeding be served with the Rule, that written objection to the Rule be made within three days of service and that judgment be rendered on the question of whether to shorten or lift the suspension of the legal deadline only after the passage of the three day period. One copy of the Supreme Court's order dated October 3, 2005, is attached hereto for your review.
The breadth of the Supreme Court's order is wide enough to encompass a sheriff's sale that has been postponed due to the Governor's issuance of Executive Orders KBB 2005-32 and KBB 2005-48. Pursuant to the Court's order, an attorney could obtain the agreement of the adverse party to lift the suspension of the sale, or he could file a Rule to Show Cause, asking that the sale be allowed to proceed. By either method, the uncertainty surrounding a sheriff's sale would be eliminated.
In summary, it is the opinion of this office that a sheriff's sale is a legal proceeding and that, pursuant to the Supreme Court's October 3, 2005, order, Louisiana law does provide a reliable procedure for lifting the suspension of a sheriff's sale.
We hope that this sufficiently answers your inquiry, but if we can be of any further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_____________________________ Christopher D. Matchett Assistant Attorney General
 CCF, Jr.:CDM:lrs